UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21620-CIV-ALTONAGA/SIMONTON

ELISE R. LOBEGEIGER,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES
LTD., et al.,

    Defendants.

_____/

## ORDER GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL

Presently pending before the Court is Plaintiff's Motion to Compel (DE # 77). Defendants Royal Caribbean Cruises Ltd. and Celebrity Cruises Inc. (collectively, the "Cruise Line Defendants") have filed a Response to the Motion (DE # 81). Plaintiff has not filed a reply. The Honorable Cecilia M. Altonaga, United States District Judge, has referred this case to the undersigned Magistrate Judge with respect to all discovery motions (DE # 18). For the reasons stated below, Plaintiff's Motion is granted, in part.

    I.    <u>Background</u>

Plaintiff brings this action for damages based upon personal injuries allegedly suffered as a guest onboard a cruise operated by the Cruise Line Defendants. Specifically, Plaintiff states that the tip of her finger was severed by a lounge chair onboard the cruise ship Celebrity Mercury (DE ## 47 at 2; 77 at 4). The lounge chair was purportedly designed, manufactured and sold to the Cruise Line Defendants by a company whose principal is Defendant Andre Yap (DE ## 47 at 2-3).

Plaintiff's Motion seeks to compel (a) production of the accident report of Plaintiff's injury prepared by the ship's safety officer on the date of the alleged accident and (b) a response to Plaintiff's requests concerning the "policies, practices and

procedures relating to handling injuries, specifically those relating to evacuations to on-shore hospitals" (DE # 77 at 1).  Plaintiff's Motion also sought to compel the Cruise Line Defendants' responses to certain requests that these Defendants have claimed are overbroad.  These Defendants, however, state in their Response that they have satisfied these requests, and Plaintiff has not filed a reply contesting this statement.  Therefore, that portion of Plaintiff's Motion is denied, as moot.

With regard to the accident report, the Cruise Line Defendants initially objected to this request, claiming work product.  Plaintiff asserts in her Motion that the Defendants have failed to assert a basis for this claim (DE # 77 at 3).  In Response, the affidavit of David Banciella, the Supervisor of Guest Claims for Defendant Royal Caribbean Cruises Ltd., contends that accident reports are prepared, as a matter of policy, in anticipation of litigation whenever a passenger reports an accident resulting in injury (DE # 81-1 at 1).  Furthermore, the Cruise Line Defendants state these reports are prepared at the direction and in the form prescribed by legal counsel for the Cruise Line Defendants.  Thus, these Defendants continue to refuse to produce the accident report based on a claim of work product (DE # 81 at 2).

As noted, Plaintiff has filed no reply to refute Defendants' policy regarding preparation of accident reports.  Moreover, other courts in this district have found such reports to be protected by the work product doctrine.  *See, e.g., Alexander v. Carnival Corp.*, 238 F.R.D. 318, 319 (S.D. Fla. 2006) (holding that accident report regarding slip and fall was not discoverable where cruise line submitted affidavit from its guest claims manager stating that it was the policy of the cruise line, upon the advice of its legal counsel, to investigate passenger injuries and create an accident report in anticipation of litigation); *Hickman v. Carnival Corp.,* No. 04-20044-CIV-UNGARO (S.D. Fla. Aug. 16, 2004, DE # 34) (holding cruise line accident report prepared on the advice of counsel to provide claims handling information was prepared in anticipation of litigation); *Iaquinto v.*

*Carnival Corp.*, No. 05-21652-CIV-JORDAN (S.D. Fla. Nov. 18, 2006, DE # 18) (finding cruise line had shown that the incident report, witness statements and photographs of the subject deck were prepared in anticipation of litigation).  Thus, the undersigned finds that the accident report was created in anticipation of litigation and is, therefore, protected by the work product doctrine.

With regard to the second component of Plaintiff's Motion to Compel, Plaintiff has limited a much broader request, concerning passenger complaints, to "written policies with respect to handling injuries, specifically policies, practices, [and] procedures relating to evacuations to onshore hospitals" (DE # 77 at 4).  The Cruise Line Defendants claim that this request, even as limited, is overbroad; for example, policies concerning stomach viruses would be irrelevant (DE # 81 at 2-3).  The undersigned agrees with Plaintiff that the requested information is relevant because it relates to Defendants' handling of Plaintiff's injury, but also agrees with the Defendants that the request, even as limited, is overbroad.  The request, therefore, is limited to any of the requested materials that would be applicable to Plaintiff's injuries.

Therefore, upon a review of the record, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE # 77) is **GRANTED, IN PART**, as set forth in the body of this Order.  Responses shall be provided on or before Wednesday, March 14, 2012.

**DONE AND ORDERED** in chambers in Miami, Florida, on March 7, 2012.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Cecilia M. Altonaga
      United States District Judge
All counsel of record